23 F.3d 408
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Linda ROBINSON, mother and next of kin of Terry Lynn
Robinson, Deceased, Plaintiff-Appellant,
v.
Walter E. COTNER, Sr., Personal Representative of the Estate
of Walter E. Cotner, Jr., Deceased, Defendant-Appellee.
 No. 92-6142.
 United States Court of Appeals, Sixth Circuit.
 April 28, 1994.
 
 Before: NORRIS and SILER, Circuit Judges; OAKES, Senior Circuit Judge.*
 PER CURIAM.
 
 
 1
 This appeal hinges on the continued viability of the implied assumption of risk doctrine in Tennessee. Because the Supreme Court of Tennessee has recently abolished the doctrine, Perez v. McConkey, --- S.W.2d ----, No. 03-S-01-9306-CV-00034, 1994 WL 92140 (Tenn. Feb. 28, 1994), we reverse the judgment entered by the trial court and remand for a new trial.
 
 
 2
 Plaintiff brought this negligence action against the estate of Walter E. Cotner, Jr., pursuant to the diversity jurisdiction of the district court. Plaintiff's son, Terry Lynn Robinson, and Cotner were both killed when a vehicle driven by Cotner went off the road and struck a tree.
 
 
 3
 Evidence at trial indicated that both men had been drinking before getting into the vehicle. Over plaintiff's objection, the district court instructed the jury on the assumption of risk doctrine. Thereafter, the jury found that, while defendant had been negligent, plaintiff had knowingly assumed the risk of potential injury, thereby barring recovery.
 
 
 4
 In Perez, the Tennessee Supreme Court held as follows:
 
 
 5
 [T]he doctrine [of implied assumption of risk] is abolished because the situations to which it applied under the former common law contributory negligence scheme are more clearly and readily amenable to analysis ... in terms of the commonlaw concept of duty and by reference to principles of comparative fault. Express assumption of risk as it existed under the former common-law contributory negligence regime is unaffected by this holding.
 
 
 6
 The principles adopted today apply ... to all comparative fault cases pending on appeal in which the assumption of risk issue was raised in the trial court.
 
 
 7
 Perez, --- S.W.2d at ----; 1994 WL 92140, at * 7. Because there is no question that the issue in this case involves implied, not express, assumption of the risk, Perez is dispositive.
 
 
 8
 For the foregoing reasons, the judgment entered by the district court is reversed and the case is remanded for a new trial.
 
 
 
 *
 The Honorable James L. Oakes, Senior Judge, United States Court of Appeals for the Second Circuit, sitting by designation